ORIGINAL

# In the United States Court of Federal Claims

No. 17-1782L

(Filed: May 4, 2018)

FILED

MAY - 4 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| SOLOMON UPSHAW, | ) |
| | ) |
| Plaintiff, | ) RCFC 12(b)(6); Pro Se Plaintiff; No |
| | ) Action by the United States Alleged |
| v. | ) To Have Caused Taking of Real |
| | ) Property. |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Solomon Upshaw, Cape Neddick, ME, pro se plaintiff.

Barbara M.R. Marvin, with whom was Jeffrey H. Wood, Acting Assistant Attorney General, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

The court has before it defendant's motion to dismiss the complaint, brought under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). This motion has been fully briefed, as follows: Defendant's Motion, ECF No. 10; Plaintiff's Response, ECF No. 11; and Defendant's Reply, ECF No. 12.[1] The court has also considered the complaint. See Compl., ECF No. 2.

On November 14, 2017, Mr. Upshaw filed suit in this court against the United States, requesting $2,000,000 in just compensation for an alleged taking of his real property. ECF No. 2 at 1. The property is located in Jackson, New Jersey. Id. The taking is alleged to have occurred due to the public "right of way of Wright-Debow Road and Dirt Road." Id.

Defendant argues that the complaint, and plaintiff's response brief, fail to point to any action of the United States which caused the alleged taking. See ECF No. 12 at 3

---

[1] All document references and page citations are to the electronic record preserved in the court's Case Management/Electronic Case Files (CM/ECF) system.

("In neither the Complaint nor his Response does Mr. Upshaw direct any allegations against the United States or suggest that the United States participated or was involved in whatever action or actions he claims constitute a taking of his property without just compensation."). For this reason, defendant states that the complaint should be dismissed for failure to state a claim upon which relief may be granted. Id. For the reasons set forth in this order, defendant's motion is **GRANTED**.

I. Legal Standards

A. Pro Se Litigants

The court observes that Mr. Upshaw is proceeding pro se and thus, is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined the complaint, plaintiff's brief, and attachments thereto to discern plaintiff's claims and legal arguments.

B. Failure to State a Claim upon Which Relief Can Be Granted

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). The court must inquire, however, whether the complaint meets the "plausibility" standard described by the Supreme Court, that is, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560, 563 (2007) (Twombly) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

II. Discussion

Mr. Upshaw has alleged facts, which are construed in his favor, that support his assertion that he owns real property in Jackson, New Jersey. See ECF No. 2 at 2; ECF No. 11 at 1, 16-19; ECF No. 11-1 at 1-2. However, there is no allegation that the United States took any action that is relevant to an alleged taking of Mr. Upshaw's land due to

the public right of way associated with either Wright-Debow Road or Dirt Road in Jackson. A plausible takings claim, in this court, must allege that the United States took the plaintiff's property, not that some state government, local government, or private individual took that property. See, e.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (stating that the only proper defendant in this court is the United States) (citations omitted). Mr. Upshaw's takings claim, as presented in his complaint and re-asserted in his response brief, does not present a plausible takings claim.

III.   Conclusion

Mr. Upshaw's complaint does not present a plausible claim for relief. Accordingly, because the complaint fails to state a claim upon which relief can be granted, it must be dismissed pursuant to RCFC 12(b)(6). For these reasons, defendant's motion to dismiss, ECF No. 10, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** plaintiff's complaint for failure to state a claim upon which relief may be granted, with prejudice. The injunction entered by this court in Upshaw v. United States, No. 17-048C, slip op. at 3 (Fed. Cl. Feb. 14, 2017), which imposes conditions before any new filings by Mr. Upshaw will be considered by this court, **REMAINS IN FULL FORCE AND EFFECT**.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge